UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ART ASK AGENCY , ) | |
| ) | |
| Plaintiff, ) | Case No.: 24-5375 |
| ) | |
| v. ) | |
| ) | Hon. Andrea R. Wood |
| THE INDIVIDUALS, CORPORATIONS, ) | |
| LIMITED LIABILITY COMPANIES, ) | |
| PARTNERSHIPS AND UNINCORPORATED ) | |
| ASSOCIATIONS IDENTIFIED ON SCHEDULE A) | |
| ) | |
| Defendants. ) | |

**HAQUIL DEFENDANT'S MOTION TO DISMISS**

HAQUIL, and Amazon marketplace store and not a legal entity, by and through its undersigned counsel, moves this Court to dismiss it from the Case, direct Plaintiff to notify Amazon to release the restraint placed on its account because of this Case, and award HAQUIL its attorneys' fees and costs associated with the wrongful restraint of approx. $60,000 of its funds. In further support thereof, the HAQUIL store states as follows:

**SUMMARY**

The HAQUIL store provided proof to the Plaintiff that it did not display the copyrighted image that Plaintiff claims infringed its copyrighted image. A copy of the copyrighted image is on the left, an image of the product that HAQUIL sold – and the image that HAQUIL provided to the Plaintiff – is on the right.

The images are not the same, and the Plaintiff's claims against HAQUIL must be dismissed.

In addition, Plaintiff has known that the asset restraint that it instructed Amazon.com to place on the HAQUIL account was wrongfully placed. Yet, Plaintiff has refused to remove it, apparently in an effort to pressure HAQUIL into paying an unwarranted "settlement". Since this Case was initiated by Plaintiff, the amount of funds restrained in HAQUIL's Amazon account has increased to $62,527.86 (as of April 28, 2025, and increasing daily), which caused significant disruption to HAQUIL's operations, not to mention the addition of attorneys' fees to challenge Plaintiff's false claims. Therefore, this Court should (a) dismiss the Plaintiff's claim against HAQUIL, and (b) award HAQUIL its attorneys' fees and costs in the amount of $7,625.

## BACKGROUND

1. On June 27, 2024, Plaintiff filed a Complaint against hundreds of websites, including Amazon store "HAQUIL", alleging copyright infringement. (Dkt. #1.)

2.      On June 28, 2024, Plaintiff filed a motion for a temporary restraining order which Plaintiff apparently forwarded to Amazon.com with instructions to restrain the HAQUIL account.

3.      The current amount restrained is over $62,527.86:



This amount is increasing daily and continues to cause significant harm to the HAQUIL store's operations, including buying new products, paying contractors, and purchasing advertising to promote its store.

4.      In addition, the HAQUIL store has incurred $7,625 in attorneys' fees to file its appearance and oppose the relief requested in the Complaint. *See* Declaration of Patrick M. Jones, attached as Exhibit A.

5.      This Court required Plaintiff to post a surety bond in the amount of $10,000 to compensate defendants whose funds were improperly restrained. (Dkt. #27.)

6.      In a similar case, Skechers voluntarily posted a surety bond in the amount of $125,000. *See Skechers U.S.A., Inc. II v. Schedule A*, Case No. 24-4541 (Durkin, J.) (Dkt. #21).



This Court also ordered the Plaintiffs in *Teddy Stratford Apparel, et al., v. Defendants listed on Exhibit 1* to post a bond in the amount of $100,000, despite ample evidence of trademark infringement:

| 192 | Filed:<br>Entered: | 06/04/2024<br>06/05/2024 | bond |
|---|---|---|---|
| | Docket Text: **SURETY** BOND in the amount of $ $100,000.00 posted by Bryan Davis (tg, ) | | |

*See* Case No. 23-10799 (N.D. Ill.) (Judge Wood) (Dkt. #192).

7. On April 16, 2025 – *nearly one year since its restrained all defendants' online processor accounts on an* ex parte *basis* – Plaintiff now seeks entry of a preliminary injunction. (Dkt. #33.)

**RELIEF REQUESTED**

1. **THE CLAIM AGAINST HAQUIL MUST BE DISMISSED BECAUSE IT DID NOT USE THE PLAINTIFF'S COPYRIGHTED IMAGE.**

The requirements for copyright infringement in the United States involve proving two key elements: (1) ownership of a valid copyright and (2) copying of constituent elements of the work that are original. *Design Basics, LLC v. Signature Construction, Inc.*, 994 F.3d 879, 887 (7th Cir. 2021). The second element requires proof that the defendant copied original elements of the plaintiff's work. This can be established either through direct evidence of copying or indirect evidence demonstrating that the defendant had access to the copyrighted work and that there are probative similarities between the allegedly infringing work and the copyrighted work. *Id.* (no infringement where floorplans had different dimensions). In all infringement cases, the plaintiff must prove, as a factual matter, that the defendant *actually* copied his work. *Id.* (citing *Design Basics, LLC v. Lexington Homes, Inc.*, 858 F.3d 1093, 1097 (7th Cir. 2017)).

The Plaintiff has not shown, and cannot credibly claim, the second element of copyright infringement: that HAQUIL had access to the copyrighted work or that there are probative similarities between the allegedly infringing work and the copyrighted work. *See Design Basics,* 858 F.3d, at 1100 (legal copying occurs when the copied elements are protected expression and of such importance to the copied work that the appropriation is actionable). The allegedly infringing image is of a dragon, with outstretched wings, looking to the left, and straddling a Celtic Trinity Knot. When compared to the Plaintiff's copyrighted image, the dragon is different, the wings are expressively different, and the image of the Trinity Knot is also different. Images of dragons, with outstretched wings and startling a Celtic Trinity Knot can be found in every tattoo shop in America. The Plaintiff's image is not unique, and the image used by HAQUIL is not the same as the Plaintiff's copyrighted image. Therefore, the Plaintiff's claims against the HAQUIL Amazon store must be dismissed.

**2. HAQUIL OBJECTS TO THE ENTRY OF A PRELIMINARY INJUNCTION EXTENDING THE EXPIRED TRO TO THE FUNDS HELD IN ITS AMAZON ACCOUNT.**

For all of the foregoing reasons, the HAQUIL store objects to the entry of a preliminary injunction restraining more than $62,000 of its funds based on no evidence of copyright infringement. Courts generally consider four main factors when deciding whether to grant a preliminary injunction: (1) likelihood of success on the merits; (2) irreparable harm; (3) balance of equities, weighing the harm that the movant would suffer if the injunction is not granted against the harm that the opposing party would suffer if it is granted; and (4) the public interest. *Abbott Laboratories v. Mead Johnson & Co.*, 971 F.2d 6, 11 (7th Cir. 1992).

As set forth above, the Plaintiff has no chance of success on the merits. No fact finder could conclude that the Plaintiff's copyrighted image is the same as the image used by the HAQUIL

store. The public interest is not served by allowing plaintiffs to file a complaint for trademark or copyright infringement against hundreds or defendants, and freezing their online accounts, without doing proper due diligence to confirm that the purported defendant is actually displaying the Plaintiff's copyrighted image. This is why plaintiffs in copyright infringement cases are required to post surety bonds, and why the Plaintiff's motion for entry of a preliminary injunction should be denied as to the HAQUIL store and all defendants that did not display the Plaintiff's copyrighted image.

3. **HAQUIL IS ENTITLED TO ITS ATTORNEYS' FEES AND COSTS ASSOCIATED WITH SEEKING DISSOLUTION OF PLAINTIFF'S KNOWING, WRONGFUL RESTRAINT OF ITS FUNDS.**

A party's assets are "wrongfully restrained" when "a contested TRO is dissolved because the party seeking the preliminary injunction fails to carry its burden at the preliminary injunction hearing." *Triumph v. Ward*, No. 11 C 7927, 2011 U.S. Dist. LEXIS 147195, at *9 (N.D. Ill. Dec. 22, 2011) (quoting *Qualcomm, Inc. v. Motorola, Inc.*, 185 F.R.D. 285, 287 (S.D. Cal. 1999)). The court may issue a preliminary injunction only if the movant provides security in an amount that the court considers proper to cover the costs and damages sustained by any party found to have been wrongfully enjoined or restrained. *See* Fed. R. Civ. Pro., Rule 65. This requirement protects the opposing party from potential losses resulting from an improperly granted injunction. If a party's funds are wrongfully restrained pursuant to the Plaintiff's requested TRO, that party is entitled to its attorneys' fees and costs from the surety bond, which is required precisely for this purpose. *Id.*

Counsel to the HAQUIL Amazon store informed Plaintiff's counsel that the HAQUIL store did not display the Plaintiff's copyrighted image, and requested that the Plaintiff dismiss its claims against the HAQUIL store. Plaintiff's counsel ignored the HAQUIL store's request, and instead has moved forward with a motion for entry of a preliminary injunctions and, in time, will no doubt

move for a default judgment against the HAQUIL store if it does not spend more on attorneys' fees to oppose the judgment. This cause was wrongfully brought against the HAQUIL Amazon store; a quick review of the different images reveals that. Plaintiff should have conducted that review before naming the HAQUIL store as a defendant in this Case, and restricting its assets. They did no, and they must compensate HAQUIL for their failure to do so.

**WHEREFORE**, Defendant HAQUIL store respectfully requests that this Court enter an order (i) dismissing the Plaintiff's claims against the HAQUIL store and directing Plaintiff to notify Amazon on the same day as the order of dismissal is entered to release any asset restraint imposed on the HAQUIL store related to this Case, (ii) denying the preliminary injunction as to the HAQUIL store, (iii) awarding the HAQUIL store its attorneys' fees and costs, and (iv) granting such other and further relief as this Court deems necessary under the circumstances.

Respectfully submitted,

/s/ Patrick M. Jones
One of the Attorneys for the
HAQUIL Amazon store

**ROSE LAW GROUP pc**

Patrick M. Jones (IL #6271256)
332 S. Michigan Ave., Suite 121 #5413
Chicago, IL 60604
Tel: (312) 404-3225
Email: pjones@roselawgroup.com

and

7144 E. Stetson Dr., Suite 300
Scottsdale, Arizona 85251
Telephone: 480.398.3100
Facsimile: 480.505.3925
Email: PJones@roselawgroup.com
Email: filings@roselawgroup.com

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that a copy of the foregoing was served via United States District Court ECF System on this 28th day of April, 2025 to all counsel of record.

                                              /s/ Veronica Steffen